# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**WESLEY ELISHA GRISSOM,**
**ADC #110265**                                                                                               **PLAINTIFF**

**V.**                          **CASE NO. 5:13CV00045 SWW/BD**

**RANDY SMITH, et al.**                                                                                      **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.   Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## II. Background:

Plaintiff Wesley Elisha Grissom, an Arkansas Department of Correction inmate, filed this lawsuit pro se under 42 U.S.C. § 1983. Mr. Grissom alleges that Defendants failed to provide sufficient evidence to convict him of a disciplinary, in violation of his due process rights.[1]

Even assuming Mr. Grissom's allegations are true, he has failed to state a claim for relief under § 1983. Accordingly, the Court recommends that Mr. Grissom's claims be DISMISSED, with prejudice.

## III. Analysis:

On July 20, 2012, Mr. Grissom was assigned to thirty days' punitive segregation for his alleged possession of unauthorized property and his failure to obey a staff order. Although he claims that there was insufficient evidence to convict him of the second charge, his disciplinary was upheld on appeal. Unfortunately for Mr. Grissom, he has failed to allege that he had a protected liberty interest under the Due Process Clause.

---

[1] Although in his complaint, Mr. Grissom explains that he wrote a grievance against Defendant Smith for allegedly bribing him, he does not claim that Defendant Smith retaliated against him in any way. Therefore, Mr. Grissom has failed to allege a First Amendment claim against Defendant Smith.

In order to prevail on a Fourteenth Amendment due process claim, a prisoner "must first demonstrate that he was deprived of life, liberty, or property by government action." See *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Here, Mr. Grissom relies on the denial of a liberty interest to support his due process claim. *Id*.

Under settled law, a prisoner's liberty interests are limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or to actions which "inevitably affect the duration of [a prisoner's] sentence." *Sandin v. Conner*, 515 U.S. 472, 487, 115 S.Ct. 2293 (1995). Placement in punitive isolation or administrative segregation for relatively short intervals, even if it results in a temporary suspension of privileges, does not constitute the type of "atypical and significant" hardship that triggers the protection of the Due Process Clause. See *Portley–El v. Brill*, 288 F.3d 1063, 1065–66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*); *Rahman X v. Morgan*, 300 F.3d 970, 974 (8th Cir. 2002) (inmate's placement in administrative segregation for twenty-six months without a disciplinary charge or conviction did not "demonstrate that his liberty interest was curtailed"); *Scott v. Coleman*, 2012 WL 5233519 (8th Cir. Oct. 23, 2012) (unpublished decision) (upholding district court's finding that plaintiff inmate failed to state a due process claim after assigned to punitive isolation for 158 days without a hearing); *Driscoll v. Youngman*, Case No. 95–4037, 1997 WL 581072 (8th Cir. Sept. 22, 1997) (unpublished decision) (finding that

135 days in disciplinary and administrative segregation without "meaningful exercise, natural light or adequate time in the library" did not satisfy the *Sandin* standard); and *Furlough v. Brandon*, 2009 WL 4898418 (E.D. Ark. Dec. 15, 2009) (inmate plaintiff failed to state a due process claim after being assigned to administrative segregation for nearly nine months).

Because Mr. Grissom's thirty-day assignment to punitive segregation does not constitute an "atypical and significant hardship," he has failed to show that he had a protected liberty interest under the Due Process Clause. Without an underlying liberty interest, Mr. Grissom's due process claim fails as a matter of law.

**IV.    Conclusion:**

The Court recommends that Mr. Grissom's claims be DISMISSED, with prejudice. The Court also recommends that the District Court certify that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g) and that an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

DATED this 22nd day of February, 2013.

_____
UNITED STATES MAGISTRATE JUDGE